UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIERRA TECH de MEXICO, S.A. de C.V., a Mexican corporation, Plaintiff, v. PURVIS EQUIPMENT CORPORATION, a Texas corporation, and JOHN MANLEY, an individual, Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 3:15-CV-4044-G |

**<u>DEFENDANTS' MOTION FOR LEAVE TO FILE
AMENDED ANSWERS AND A COUNTERCLAIM
AND RENEWED REQUEST FOR ANCILLARY RELIEF OF DISQUALIFICATION
WITH BRIEF IN SUPPORT</u>**

Defendants hereby move for leave to file amended pleadings in this case. John Manley seeks to amend his Answer in this case to slightly modify the admissions and denials, add affirmative defenses, and add a counterclaim, pursuant to Rules 15(a)(2) and 13(a)(1), Federal Rules of Civil Procedure. A copy of the pleading is attached hereto as Exhibit A pursuant to Local Rule 15.1(b). Purvis Equipment Corporation (Purvis) seeks to amend its Answer for technical corrections and to add affirmative defenses. A copy of the pleading is attached hereto as Exhibit B pursuant to Local Rule 15.1(b). Also, in keeping with this Court's Memorandum Opinion and Order of July 29, 2016 (docket entry 27), which at page 10 notes, "[i]f a conflict of interest arises at a later juncture, disqualification may become necessary," citing *Centerboard Securities, L.P. v. Benefuel, Inc.*, No. 3:15-CV-2611-G, 2016 WL 3126238, at *3 (N.D. Tex. June 3, 2016) (Fish, J.), Manley re-urges his Motion to Disqualify (docket entry 23). As grounds for this relief, Defendants show:

1. This motion is being filed timely under the Court's scheduling order.

2. Under Rule 15, Fed. R. Civ. P., "[t]he court should freely give leave when justice requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 358 n.70 (5th Cir. 1989).

3. This is the first motion for leave to amend filed by Defendants.

4. Discovery is barely underway.

5. Aside from a couple of new affirmative defenses, the only substantially new material in the amended pleadings is the counterclaim of John Manley. However, this counterclaim arises from the same general time period as the activities on which Plaintiff sues, and involves the same overall relationship which all parties were engaged in during the time frame of the complaint's alleged activities. Therefore, it is a compulsory counterclaim.

6. As set out in the counterclaim and supported by the Exhibit C Second Declaration of John Manley, Manley undertook substantial promotional activities for Plaintiff (TTM) in an effort to set up a new United States business entity for the Tierra Tech family of companies. This was pursuant to an agreement in principle with principals of TTM that Manley would become a "partnership" member of that new company. Manley would not have undertaken these activities absent those promises. In the process of doing this work, without remuneration to him other than that promise of membership, Manley used funds from Defendant Purvis to pay the expenses of these substantial promotional activities, which included, as just a few examples, renting business space, working on Tierra Tech's website, attending trade shows, and hiring an employee. See counterclaim at ¶¶ 6-16, 20-21, 24, 28; Exhibit C *passim*.

7. Contemporaneously, Manley continued in discussions with TTM principals about the nature and terms of arrangement of the new Tierra Tech company (ultimately Tierra Tech

USA) (TTUSA). In doing so, he provided a substantial amount of what he considered was confidential information to the attorney TTM and Manley had jointly hired for purposes of putting together the business arrangement between them, Robert D. Martinez. As stated in the Second Declaration ¶¶ 6-8:

> 6. Throughout the process of refining the parties' agreement as to TTUSA, I told Robert Martinez detailed information on how I was already working in the United States as the exclusive distributor for all Tierra Tech products. This was done in part to give him better insight and understanding on how Purvis Equipment and I were working with Tierra Tech Mexico. There were several phone calls between me and Robert Martinez, totaling likely about two hours, in the process of discussing in detail the shareholders agreement, with Robert Martinez making some revisions and adapting that after everything was explained to him in detail of my relationships with Purvis and Tierra Tech.
>
> 7. For example, in explaining why I wanted the changes in the shareholders agreement, part of what I told Martinez in some detail was what I had been doing in the United States for Tierra Tech as their distributor (through Purvis), trying to explain this to him so he understood the value I was bringing to the table that would benefit TTUSA, and that I deserved more respect or better treatment in the shareholders agreement, and that I was not just someone off the street who was going to come in and manage the new company. I also told Martinez details about the extra work I had done in helping promote the business that came to be TTUSA. This was still while the TTUSA business relationship between the parties was being put together. As a result of these conversations, the shareholders agreement was partially modified.
>
> 8. I gave this information over time to Martinez because it was my belief he was representing me in his capacity as my attorney. I fear this information could now be or is being used against me in the suit with Tierra Tech Mexico.

8. Manley increasingly focused much of his efforts on promotional work for Tierra Tech USA while concomitantly slowing down the Purvis activities accordingly (see tendered counterclaim at paragraph 29).

9. Manley contends that TTM owes him and Purvis substantial sums of money for services performed and expenses incurred, which TTM declines to pay. This supports claims for

setoff by both parties and affirmative claims for relief by Manley. See counterclaim Counts 1-2.

10. There is no surprise or prejudice to Plaintiff if the counterclaim is allowed—Plaintiff itself *combined* its notification to Manley (and Purvis) of the termination of the overall relationship, and concomitant demands, as to *both* the distributorship *and* TTUSA in the *same demand letter* by former counsel for Plaintiff (and, simultaneously, TTUSA). See docket entry 25-1 at 28. Plaintiff's efforts now to "separate out" the "distributor" versus the "TTUSA" relationships bear no semblance to the reality of the parties' ongoing relationship and interaction. As is made clear in the counterclaim, Manley would not have been willing to provide promotional activities for TTM respecting TTUSA except for the promises of Plaintiff as to Manley's inclusion in Tierra Tech USA on the terms promised, and being solemnized with Martinez' assistance. See counterclaim at paragraphs 11-12, 22, and *passim*; Exhibit C ¶¶ 12-13.

11. In fact, the essential assistance of Manley in operating Plaintiff's USA efforts is evidenced by Plaintiff's *abandonment* of Tierra Tech USA as soon as Manley was "terminated." See docket entry 25-1 at 28.

12. For these reasons, Manley should be permitted to add his counterclaim, and the relief as to allowing the amended pleadings granted.

13. And, in light of the counterclaim and supporting Second Declaration, conjoined with the grounds and evidence already submitted with Defendants' motion to disqualify (docket entry 23), Martinez and his firm should also now be disqualified. *See Centerboard, supra,* 2016 WL 3126238, at *3, as cited by this Court in its docket 27 Order at 10 as to new issues raised in the course of the litigation bringing up reasons for disqualification not present earlier.

14. Specifically, some of the matters disclosed to Martinez by Manley in the course of

the negotiations regarding TTUSA, which entity Martinez was retained to create on both their behalves (as the Court previously found in its Memorandum Opinion and Order [docket 27] at 7), and the shareholders' agreement of same, was confidential information of Purvis and Manley. *See In re American Airlines, Inc.*, 972 F.2d 605, 619 (5th Cir. 1992) ("to aid the frank exchange between attorney and client") (citation omitted). This information now might be used as respects Martinez's representation of Plaintiff against Purvis and Manley.

15. Also, part of Manley's and Purvis's defenses and Manley's counterclaim relate to their services rendered and monies expended as to TTUSA by way of setoff and potential recovery by Manley (and consequently provided or expended *for the benefit of TTM* as an owner thereof—see Defendants' Motion to Disqualify and *Emergency* Request for Interim Stay, docket entry 23, at 3 ¶ 5, and record reference cited), which were explained in part to Martinez as part of the negotiations with TTM respecting TTUSA and Manley's proposed interest in and relationship with TTUSA. See *supra* ¶ 7; *Islander East Rental Program v. Ferguson*, 977 F. Supp. 504, 508 (S.D. Tex. 1996) ("substantially related") (also noting "traditional notions of common sense and fundamental fairness," *id.* at 509); *Senior Living Properties LLC Trust v. Clair Odell Ins. Agency LLC*, No. 3:04-CV-0816-G, 2005 U.S. Dist. LEXIS 8993 at *11 (N.D. Tex. Dallas Div. May 13, 2005) (Fish, C.J.) ("The former representation and the current representation need not involve identical causes of action. ... The two causes of action 'need only involve the same subject matter' in order to be substantially related.'") (citations omitted).

16. Therefore, Martinez cannot now elect to represent TTM—as one of the clients represented in earlier joint representation—as against Manley—as the other client, where the causes of action in the suit overlap with that earlier joint representation, *see* Texas Disciplinary

Rule 1.06(d) comment 9 (docket entry 23 at 8), and also because confidential information was provided related thereto, *supra* ¶ 7; *see In re Hoar Construction, L.LC.*, 256 S.W.3d 790, 803 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("any difference in the nature of the fraud at issue in each action does not diminish the potential for CBY to divulge First Victoria's confidential information").

**WHEREFORE**, Defendants pray that they be granted leave to amend, and also that Robert D. Martinez and Cotton Schmidt & Abbott, L.L.P. be disqualified from representing Plaintiff.

Respectfully submitted,

/s/ *Thomas F. Harkins, Jr.*
Bruce L. James
Texas Bar No. 10538000
bjames@whitakerchalk.com

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK**
  **SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
FAX: (817) 878-0501
**ATTORNEYS FOR DEFENDANTS**
**PURVIS EQUIPMENT CORPORATION**
**AND JOHN MANLEY**

## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed this Motion with Counsel for Plaintiffs, R. Stephen Cheak, on August 2, 2016, who opposes the Motion because it requests the renewed ancillary relief of disqualification. Therefore, this Motion is opposed.

/s/ *Thomas F. Harkins, Jr.*
Thomas F. Harkins, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that this Motion is being filed via ECF and is thereby being e-served on all counsel of record who have consented to such service on this 2nd day of August, 2016.

/s/ *Thomas F. Harkins, Jr.*
Thomas F. Harkins, Jr.

242647